MATTER OF WING.

*Leave to sue committee of lunatic.*

Where, upon a motion to sue the committee of a lunatic, the affidavits of the moving and opposing parties were conflicting and irreconcilable, *held*, that it was not proper to decide the conflict upon a motion, and leave should be given to sue.

Leave to sue should not be denied when the party applying shows a case whereon, if established, a court of equity would grant relief.

APPEAL by Annetta Wing from an order at special term denying a motion to vacate an order in relation to the person and estate of a lunatic, and also denying a motion for leave to sue the committee of such lunatic.

The motion was made by the appellant to bring an action against Samuel H. Crook, committee of the estate and person of George F. Wing, a lunatic, the husband of the appellant, to set aside a deed, and for other relief. The said committee was appointed by order of the court in July, 1873. In the latter part of 1873, appellant and the committee made an agreement, in consequence of which an order of the court was entered directing the removal

of the lunatic from the care and custody of appellant, and the setting apart to appellant of certain personal property of said lunatic, and the payment to her of a specified sum of money in settlement of her dower and marital rights. Appellant alleged in her affidavit that she was coerced to make the agreement and execute the deed mentioned, by the improper conduct of her counsel in the matter and others, and by threats of an attachment; and that she was advised that the deed was fraudulent and without consideration. These statements were contradicted by the affidavits of the committee and the counsel mentioned. Other facts sufficiently appear in the opinion.

*D. P. Barnard,* for appellant.

*Abel Crook,* for respondent, cited *Garlick* v. *Strong,* 3 Paige, 440; *Miller* v. *Miller,* 16 Ohio, 527; 2 Kent Com. 166; *Thomas* v. *Brown,* 10 Ohio St. 147; *Houghton* v. *Houghton,* 14 Ind. 505; *Wilson* v. *Wilson,* 1 H. L. Cas. 538; *Dillinger's Appeal,* 35 Penn. St. 357; 2 Crary Sp. Proc. 26.

BARNARD, P. J. The affidavits read by the counsel for Mrs. Wing, in support of her motion for leave to sue the committee of her husband's estate, and by the committee in opposition thereto, are irreconcilable. It is not proper to decide upon the merits when there is such conflict upon a motion. Leave should be granted the moving party, to sue the committee to set aside the settlement. If the committee was not an officer of the court, Mrs. Wing could sue without leave. Leave should not be denied when the party applying for such leave shows a case whereon a court of equity would grant relief, if her claim should be established on the trial.

The order appealed from should be so far modified as to permit Mrs. Wing to sue the committee, saving the rights of the mortgagors.

Mrs. Wing is the wife of the lunatic. By a preceding order she was to be permitted access to her husband once a week. The committee has removed the lunatic out of the State. The order appealed from should also be modified, so far as to require the lunatic to be produced once a week within this State, in some easily accessible place to Mrs. Wing, and that she have free access to him.

*Ordered accordingly.*